# CASES

# APPELLATE COURTS OF ILLINOIS.

### DECIDED BY THE FIRST DISTRICT COURT DURING THE YEAR 1901.

## Emma J. Devens et al. v. Normal Park Loan Association.

1. MONEY BONDS—*Construction of—Building and Loan Associations.*—A provision in a bond to a building and loan association that the obligor's stock in case of his default might at any time be declared forfeited and the withdrawal value thereof applied to the satisfaction of his indebtedness at the option of the association, and in such case the whole principal debt and interest should at such option immediately become due and payable and payment then be enforced, is to be construed to mean that if default is made and the association decides to enforce payment out of its security, which it may do or not, at its option, the stock should be forfeited and the member entitled to have its withdrawal value applied in satisfaction of his indebtedness, which at once becomes due and can be otherwise enforced.

**Bill for Relief.**—Appeal from the Circuit Court of Cook County; the H n. CHARLES G. NEELY, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1901. Reversed and remanded. Opinion filed March 29, 1901.

**Statement.**—Appellant and her husband filed their bill and amended bill of complaint alleging *inter alia* that February 1, 1891, said Emma J. Devens applied to appellee for a loan of $975, to be secured upon real estate occupied by appellants as a dwelling place; that appellee by its agents informed them that the loan would be made on terms

(314)

requiring payment of $1,300 in monthly installments of principal and interest amounting to $15.15 per month, and represented that when such installments amounted to $1,300, the debt would be paid and the mortgage released; that said Emma J. Devens was ignorant of loan association methods, and relying on such representations, she concluded to accept the proposition; that said loan was made to take up a prior incumbrance upon said premises; that appellants executed a mortgage to secure payment of said $1,300; that she paid the monthly installments of $15.15 regularly until she had thus paid the sum of $1,279.10, and that then, February 5, 1898, appellants tendered appellee the balance, $20.90, necessary to complete said payment of $1,300, and demanded a release; that appellee refused to accept such payment and grant the release, claiming that there was still a balance due of $604. It is alleged in the amended bill that although said Emma J. Devens did sign a bond, as well as the mortgage securing the same, and also a blank assignment of a certificate of stock, she never signed any by-laws and was not a stockholder and never owned any stock of said association, and that the meaning of said papers was not explained to her. It is declared that the said mortgage is now a cloud upon appellant's title, and the prayer is that the lien of the trust deed or mortgage be removed upon payment of such sum as is found due.

Appellee filed its answer denying any such agreement and representations, or that the proposition to loan the money was a scheme to avoid the usury laws; and filed a cross-bill stating that appellant Emma J. Devens, in January, 1891, applied for a loan of $975, bidding as a premium in open meeting of the directors of the appellee association $325 for preference or priority of loan, and also pledged thirteen shares of stock of the 17th series of said association's stock, and gave the mortgage in controversy, securing a bond providing for payment of the principal sum of $1,300, conditioned for the payment of said monthly installments of $15.15 for dues and interest, and for payment of fines which might become due under the by-laws of the associa-

tion, " until each share of stock in the 17th series thereof issued by said association shall have attained the value of $100," etc. The bond is in evidence and it is provided further therein that if at any time default shall be made in the payment of the installments for six months, the stock of the obligor pledged to the association may be declared forfeited to said association and the withdrawal value thereof at the option of the obligee may be applied to satisfy the debt, and in such case the whole debt, principal and interest, shall become due and payable at the option of the association; "and all fines and taxes then due may be enforced." The cross-bill states that appellee's directors have ordered proceedings against the security, that fines of $10.40 have accrued, and that there is due appellee, $676.10. The bill prays that appellants be decreed to pay whatever may be found due and that in default the premises may be sold. The averments of the cross-bill are denied generally by appellants.

THORNTON & CHANCELLOR and A. W. WOOLFOLK, attorneys for appellants.

HOLLETT, TINSMAN & SAUTER, attorneys for appellee.

MR. JUSTICE FREEMAN delivered the opinion of the court.

The controversy over matters of fact relates principally to the representations which are alleged to have been made to appellants as to the amount that they would have to pay in order to discharge the debt to the association. But the bond, mortgage and assignment of stock were all signed after the alleged representations were made, and the evidence does not excuse the ignorance of which appellants complain; nor is there any preponderance in their favor that any false or misleading representations were made. It was appellants' duty to inform themselves accurately and know what Mrs. Devens was signing. She and her husband are both intelligent people, and they should have found out, if they did not know, what could have been readily ascertained by reading the documents they now question.

It is true that the installments of interest and dues paid by appellants during the seven years amount, together, to nearly the face of the obligation. But this would be so only if the interest is applied on the principal as well as the dues. The obligation they subscribed to is to pay these dues and the interest installments, until said principal sum of thirteen hundred dollars is fully paid, or until each share of stock in that seventeenth series should attain the par value of one hundred dollars. When that occurs the obligation is at an end. It is provided in section 8 of the statute under which the association is organized that in case of non-payment for six months, "payment of principal and interest without deducting the premium paid or interest thereon may be enforced by proceedings against their securities according to law." If appellants were thus in default and the shares of stock in that series have not attained such par value, then the association may proceed to enforce payment as above provided.

But the appellee herein is by its cross-bill seeking affirmative relief, and it must prove that the condition of the bond given by appellant has not been complied with. We have looked in vain in the abstract for evidence of the value of this stock at the time the cross-bill was filed. If each share had attained the value of one hundred dollars then the obligation was by its terms void. It is true the master finds, apparently on the mere statement of the secretary, that these shares had not attained the value of one hundred dollars. But this seems to be his off-hand conclusion, and no facts to justify the conclusion appear in the record so far as we are advised. There is evidence that the installments paid amounted only to forty-eight dollars on each share. But the sum of such installments does not measure the value of the stock. It is the payments plus the earnings; and what such earnings are or were, or what the withdrawal value of appellants' stock is, does not appear.

The account in accordance with which the decree herein was entered is not, we think, correctly made up under the

conditions of the bond.   We do not find any sufficient reason to question that appellant did receive the full amount of $975, either directly or in settlement of legitimate expenses of obtaining the loan, but the bond provides that the appellants' stock in case of default may at any time be declared forfeited, and that the withdrawal value thereof may at the option of the association be applied to the satisfaction of appellants' indebtedness, and in such case the whole principal debt and interest shall, at the option of the association, immediately become due and payable, and payment may then be enforced.   According to the letter of this bond a declaration of forfeiture of the appellants' stock which was pledged as collateral security was a condition precedent to the whole principal debt becoming due and payable, and to its immediate enforcement by foreclosure and sale of the additional security, viz., the real estate.   We construe this provision to mean that if the default is made and the association decides to enforce payment out of its security, which it may do or not, at its option, then the stock should be declared forfeited and appellants are entitled to have the withdrawal value thereof applied to the satisfaction of the debt, and the whole debt becomes at once due, and can be otherwise enforced.   The master finds that by reason of the failure of appellants to make the payments, the association did declare the whole sum due upon said bond and mortgage.   If this be construed as a declaration of forfeiture of the stock, then it becomes necessary to show what the withdrawal value of such stock is, that it may be first applied to the satisfaction of the indebtedness, as this bond provides; and the burden of so doing is upon the association seeking to foreclose.   The secretary of the association testifies, however, that appellants' stock has not been forfeited.   This might be taken to indicate that it was intended to avoid such forfeiture and the application of such withdrawal value to the benefit of appellant, and collect the whole debt from the realty, the association retaining the stock and such withdrawal value for its own benefit. If so, it is not so nominated in the bond.

We are aware that in Vierling v. Mechanics Savings

Association, 179 Ill. 524 (331), it was held that one who was in default in payments was not entitled to be credited with the earnings of the association or stock. But in that case the obligation was different, and the borrower had been in default for a long time, whereas, in the present case the appellant was not in default when the bill of complaint was filed, and has been charged up by the association with fines accruing after that time, covering the period of alleged default.

The judgment of the Circuit Court must be reversed and the cause remanded for further proceedings not inconsistent herewith. Remanded and reversed.